DARRON LARRY ALEXANDER
12805 PASO ROBLES DRIVE
VICTORVILLE, CA 92392
PHONE:(213) 334-0042
DARRION5177@GMAIL.COM
In Pro Per

FILED
CLERK, U.S. DISTRICT COURT
JUL 14 2025
CENTRAL DISTRICT OF CALIFORNIA
BY Rys DEPUTY

NU CV 30

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

DARRON LARRY ALEXANDER,
PLAINTIFF,

V.

CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, LOS ANGELES COUNTY DISTRICT ATTORNEY'S OFFICE, DETECTIVE GREG Mc. KNIGHT,IN HIS OFFICIAL AND UNOFFICIAL CAPACITY AS A LAPD DETECTIVE OFFICER RICHARD ARCINIEGA, IN HIS OFFICIAL AND UNOFFICIAL CAPACITY AS A LAPD OFFICER JOHN DOE, IN HIS OFFICIAL AND UNOFFICIAL CAPACITY AS A LAPD OFFICER inclusive,
DEFENDANTS.

CASE No.: 2:25-CV-06458-JFW-BFM

COMPLAINT FOR DAMAGES
VIOLATION OF CIVIL RIGHTS 42 U.S.C. SECTION 1983 - FALSE ARREST - MALICIOUS PROSECUTION - FABRICATION OF EVIDENCE - RACIAL DISCRIMINATION (EQUAL PROTECTION) - MONELL LIABILITY.
DEMAND FOR JURY TRIAL

## 1. JURISDICTION AND VENUE

1. THIS COURT HAS JURISDICTION PURSUANT TO 28 U.S.C. SECTIONS 1331, 1343, AND 1367.

2. VENUE IS PROPER IN THIS DISTRICT UNDER 28 U.S.C. SECTION 1391(b), AS THE EVENTS GIVING RISE TO THIS ACTION OCCURRED IN LOS ANGELES COUNTY, CALIFORNIA.

## 2. PARTIES

3. PLAINTIFF DARRON LARRY ALEXANDER, IS AN AFRICAN-AMERICAN MALE, A RESIDENT OF CALIFORNIA, AND A FORMER INMATE INCARCERATED BASED ON THE EVENTS DESCRIBED HEREIN.

4. DEFENDANT CITY OF LOS ANGELES OVERSEES THE LOS ANGELES POLICE DEPARTMENT.

5. DEFENDANT LOS ANGELES POLICE DEPARTMENT (LAPD) IS RESPONSIBLE FOR LAW ENFORCEMENT IN LOS ANGELES.

6. DEFENDANT LOS ANGELES COUNTY DISTRICT ATTORNEY'S OFFICE IS RESPONSIBLE FOR PROSECUTING CRIMES IN LOS ANGELES.

7. DEFENDANTS DETECTIVE RICHARD ARCINIEGA, DETECTIVE GREG McKNIGHT, DEPUTY DISTRICT ATTORNEY GREGSON A. SOMES, AND JOHN DOE ARE INDIVIDUALS WHO ARE BEING SUED IN THEIR OFFICIAL AND UNOFFICIAL CAPACITIES AND PLAYED A DIRECT ROLE IN PLAINTIFF'S WRONGFUL ARREST, PROSECUTION, AND DETENTION.

## 3. FACTUAL ALLEGATIONS

8. ON OR ABOUT JULY 03,1996, PLAINTIFF WAS ARRESTED BY LOS ANGELES POLICE DEPARTMENT OFFICERS WHO FALSELY STATED IN THE ARREST REPORT THAT A WARRANT HAD BEEN ISSUED FOR HIS ARREST.

9. ON OCTOBER 17, 2023, A DEPARTMENT OF JUSTICE AGENT ANALYST Ms. IKYKO KAWANO, IN AN ADMINISTRATIVE HEARING IN AGENCY CASE No.:SA2022305674, AND OAH No.:2023040597, REVIEWED THE ARREST RECORDS AND CONFIRMED THAT THE WARRANT NUMBER CITED ON PLAINTIFF'S ARREST REPORT WAS NOT A VALID WARRANT NUMBER, AND THE LOS ANGELES POLICE DEPARTMENT NEVER CLASSIFIED THE ARREST AS WARRANT-BASED.

10. ON JULY 08, 1996, FIVE DAYS AFTER THIS UNLAWFUL ARREST, A FELONY COMPLAINT WAS FILED BASED ON FALSIFIED TESTIMONY AGAINST PLAINTIFF. IT WAS SIGNED BY DETECTIVE GREG McKNIGHT OF THE LOS ANGELES POLICE DEPARTMENT AND DEPUTY DISTRICT ATTORNEY GREGSON A. SOMES, OF THE LOS ANGELES DISTRICT ATTORNEY'S OFFICE.

11. THE FELONY COMPLAINT RELIED ON THE FALSE CLAIM THAT PLAINTIFF'S ARREST WAS SUPPORTED BY A VALID WARRANT, AND IT OMITTED MATERIAL EXCULPATORY FACTS.

12. PLAINTIFF REPEATEDLY RAISED THESE ISSUES IN COURT, BUT HIS MOTIONS WERE SYSTEMATICALLY DENIED.

13. PLAINTIFF SERVED APPROXIMATELY TWENTY SEVEN (27) YEARS IN PRISON BEFORE RELEASE ON JANUARY 27, 2024, AND ONLY DISCOVERED THE FULL EXTENT OF THE FRAUDULENT ARREST ON OCTOBER 17,2023.

14. ON JULY 08, 1996 THE DISTRICT ATTORNEY GREGSON A. SOMES, OF THE LOS ANGELES DISTRICT ATTORNEY'S OFFICE KNOWINGLY FILED AND PROSECUTED A FELONY COMPLAINT BASED ON A FABRICATED PREMISE, VIOLATING PLAINTIFF'S CONSTITUTIONAL RIGHTS.

15. ON JULY 08, 1996, DETECTIVE GREG McKNIGHT, KNOWINGLY SIGNED AND FILED A FELONY COMPLAINT BASED ON A FABRICATED PREMISE, VIOLATING PLAINTIFF'S CONSTITUTIONAL RIGHTS.

17. ON MAY 13, 2025, OFFICER RICHARD ARCINIEGA COERCED A WITNESS TO TESTIFY FALSELY THAT DARRION LARRY ALEXANDER, SHOT HIS BROTHER.

18. ON JULY 03, 1996, OFFICER JOHN DOE, OF THE LOS ANGELES POLICE DEPARTMENT FILED A FABRICATED ARREST REPORT CONTAINING AN INVALID

WARRANT NUMBER TO FALSELY INDICATE A WARRANT WAS ISSUED FOR THE ARREST OF PLAINTIFF.

## 4. EXHAUSTION OF REMEDIES

19. PLAINTIFF IS NO LONGER IN CUSTODY AND THE UNDERLYING CONVICTION SENTENCE COMPLETED AND IS NOT SUBJECT TO ANY PENDING CRIMINAL PROCEEDINGS RELATED TO THE INCIDENTS DESCRIBED HEREIN.

20. PLAINTIFF RAISED THE UNDERLYING CONSTITUTIONAL ISSUES DURING PRIOR POST - CONVICTION PROCEEDINGS, AND UPON DISCOVERY OF NEW EXCULPATORY EVIDENCE ON OCTOBER 17, 2023, TIMELY FILED THIS ACTION WITHIN THE APPLICABLE STATUTE OF LIMITATIONS.

21. ACCORDINGLY, THIS ACTION IS RIPE FOR JUDICIAL REVIEW AND PROPERLY BROUGHT UNDER 42 U.S.C. SECTION 1983.

## 5. PATTERN AND PRACTICE

22. PLAINTIFF BELIEVES AND ALLEGES UPON INFORMATION AND BELIEF THAT THE LOS ANGELES DISTRICT ATTORNEY'S OFFICE AND LAPD MAINTAIN A CUSTOM AND PRACTICE OF TARGETING AFRICAN AMERICAN MEN THROUGH OVERCHARGING, PROSECUTING WITHOUT PROBABLE CAUSE, AND USING FABRICATED OR RACIALLY BIASED EVIDENCE.

23. IN ONE RECENT EXAMPLE, AN AFRICAN-AMERICAN MAN WAS DEFENDING HIMSELF FROM AN ARMED ASSAULT IN WHAT SHOULD HAVE BEEN A CLEAR SELF-DEFENCE CASE UNDER CALIFORNIA'S "STAND YOUR GROUND" DOCTRINE BUT WAS INSTEAD CHARGED WITH MURDER BY THE SAME PROSECUTORIAL AND POLICING ENTITIES.(PEOPLE vs. DERRICE LEE PORTER, CASE No.:BA324436)

24. THIS PATTERN REFLECTS DISCRIMINATORY ANIMUS AND DELIBERATE INDIFFERENCE TO THE CIVIL RIGHTS, PARTICULARLY THOSE OF BLACK MEN IN LOS ANGELES COUNTY.

## 6. CLAIMS FOR RELIEF

### COUNT 1: FALSE ARREST / FALSE IMPRISONMENT

(42 U.S.C. SECTION 1983 - FOURTH AMENDMENT)

25. PLAINTIFF WAS ARRESTED WITHOUT A VALID WARRANT AND WITHOUT PROBABLE CAUSE BY THE LOS ANGELES POLICE DEPARTMENT ON JULY 03,1996.

26. THIS ARREST MADE ON JULY 03,1996, VIOLATED HIS RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS.

### COUNT 2: MALICIOUS PROSECUTION

(42 U.S.C. SECTION 1983 - FOURTH AND FOURTEENTH AMENDMENTS)

27. THE FELONY COMPLAINT FILED FIVE DAYS POST - ARREST ON JULY 08,1996, BY THE LOS ANGELES DISTRICT ATTORNEY'S OFFICE WAS BASED ON FABRICATED FACTS.

28. ON JULY 08,1996, THE PROSECUTION OF THE PLAINTIFF BY THE LOS ANGELES DISTRICT ATTORNEY'S OFFICE WAS INITIATED AND MAINTAINED WITHOUT PROBABLE CAUSE AND WITH MALICE.

### COUNT 3: FABRICATION OF EVIDENCE

(42 U.S.C. SECTION 1983 - DUE PROCESS VIOLATION)

29. DEFENDANTS FALSIFIED THE BASIS FOR PLAINTIFF'S ARREST AND INCLUDED A NON - EXISTENT WARRANT.

30. THESE ACTIONS DEPRIVED PLAINTIFF OF HIS RIGHT TO FAIR LEGAL PROCESS.

**COUNT 4: RACIAL DISCRIMINATION / EQUAL PROTECTION VIOLATION**

(42 U.S.C. SECTION 1983 - FOURTEENTH AMENDMENT)

31. DEFENDANTS TARGETED PLAINTIFF AND SIMILARLY SITUATED BLACK MEN FOR PROSECUTION BASED ON RACE.

32. THE ACTIONS WERE PART OF A BROADER PATTERN OF DISCRIMINATION AGAINST AFRICAN - AMERICAN DEFENDANTS IN LOS ANGELES.

**COUNT 5: MONELL LIABILITY**

(MUNICIPAL LIABILITY - CITY OF LOS ANGELES / DISTRICT ATTORNEY'S OFFICE)

33. THE CITY OF LOS ANGELES, THE LOS ANGELES POLICE DEPARTMENT(LAPD), AND THE DISTRICT ATTORNEY'S OFFICE HAVE POLICIES, CUSTOMS, OR PRACTICES THAT DIRECTLY CAUSED THE CONSTITUTIONAL VIOLATIONS DESCRIBED HEREIN.

34. THESE INCLUDE FAILING TO TRAIN OR DISCIPLINE OFFICIALS WHO ENGAGE IN RACIALLY MOTIVATED ARRESTS AND PROSECUTIONS, AND PERMITTING THE USE OF FABRICATED EVIDENCE.

## 7. DAMAGES

35. AS A DIRECT RESULT OF DEFENDANTS' ACTIONS, PLAINTIFF SUFFERED:

- LOSS OF LIBERTY (INCARCERATION),
- EMOTIONAL DISTRESS AND TRAUMA,
- ECONOMIC LOSS (WAGES, OPPORTUNITY),
- REPUTATIONAL HARM.

## 8. PRAYER FOR RELIEF

1. AWARD COMPENSATORY DAMAGES IN THE AMOUNT OF $488,000,000, BROKEN DOWN AS FOLLOWS:

a. $260,000,000, FOR MALICIOUS ACTS AND CONSTITUTIONAL VIOLATIONS COMMITTED UNDER EACH CAUSE OF ACTION;

b. $50,000,000, FOR COERCING PLAINTIFF INTO AN INVOLUNTARY GUILTY PLEA BASED ON FABRICATED CHARGES;

c. $50.000,000, FOR THE UNLAWFUL AND VIOLENT INTRUSION INTO PLAINTIFF'S RESIDENCE IN VIOLATION OF THE FOURTH AMENDMENT;

d. $128,000,000, FOR WRONGFUL INCARCERATION, INCLUDING DEPRIVATION OF LIBERTY, EMOTIONAL TRAUMA, AND LOSS OF TIME AND OPPORTUNITIES.

2. AWARD PUNITIVE DAMAGES AGAINST EACH INDIVIDUAL DEFENDANT IN THE AMOUNT OF $488,000,000, TO DETER FUTURE MISCONDUCT AND PUNISH THE EGREGIOUS VIOLATION OF PLAINTIFF'S FEDERALLY PROTECTED RIGHTS.

3. AWARD REASONABLE ATTORNEY'S FEES AND LITIGATION COSTS UNDER 42 U.S.C. SECTION 1988, OR PERMIT PLAINTIFF TO RECOVER EQUIVALENT Pro Se COMPENSATION AND COSTS WHERE APPROPRIATE.

4. DECLARE THE ACTS AND POLICIES OF DEFENDANTS TO BE UNCONSTITUTIONAL, SPECIFICALLY WITH RESPECT TO UNLAWFUL ARREST, MALICIOUS PROSECUTION, FABRICATION OF EVIDENCE, AND RACIALLY DISCRIMINATORY ENFORCEMENT PRACTICES.

5. GRANT SUCH OTHER AND FURTHER RELIEF AS THE COURT DEEMS JUST AND PROPER, INCLUDING DECLARATORY OR INJUNCTIVE RELIEF IF NECESSARY TO PREVENT CONTINUING HARM TO OTHERS.

## DEMAND FOR JURY TRIAL

PLAINTIFF DEMANDS A JURY TRIAL ON ALL TRIABLE ISSUES.

**RESPECTFULLY SUBMITTED,**

DATE: JULY 10, 2025

DARRON LARRY ALEXANDER
12805 PASO ROBLES DRIVE
VICTORVILLE, CA 92392
(213) 334-0042
DARRION5177@GMAIL.COM
Pro Se PLAINTIFF

Darron Larry Alexander

[illegible] ALEXANDER
12805 PASO ROBLES DRIVE
VICTORVILLE, CA 92392




RECEIVED
CLERK, U.S. DISTRICT COURT
JUL 14 2025
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

CV
NEW

TO THE CLERK
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION
FIRST STREET U.S.
COURTHOUSE
350 W. 1st STREET
SUITE 4311
LOS ANGELES, CA 90012